```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :      22cv1121 (DLC)
PHILLIPS 66 COMPANY,             :
                                 :
                    Plaintiff,   :      OPINION AND ORDER
          -v-                    :
                                 :
MARINE PETROBULK LTD.,           :
                                 :
                    Defendant.   :
                                 :
-------------------------------- X
```

APPEARANCES:

For the plaintiff:
Bissinger, Oshman, Williams & Strasburger LLP
John B. Strasburger
Jason E. Williams
Erin Bullard
2229 San Felipe Street, Suite 1500
Houston, TX 77019

For the defendant:
O'Hare Parnagian LLP
Robert A. O'Hare Jr.
Michael G. Zarocostas
Andrew C. Levitt
20 Vesey Street
Suite 300
New York, NY 10007

DENISE COTE, District Judge:

    Phillips 66 Company ("Phillips 66") has sued Marine Petrobulk Ltd. ("Marine Petrobulk") for breach of contract in connection with the sale of marine fuel.[1]  Marine Petrobulk has

---

[1] The defendant notes in its motion to dismiss that Marine Petrobulk Limited Partnership, rather than Marine Petrobulk Ltd., is the counterparty to the underlying contract.  This assertion does not impact the ruling in this Opinion.

moved dismiss the action.  For the following reasons, the motion to dismiss is granted.

## Background

The following facts are taken from Phillips 66's complaint and documents properly considered on this motion.  The alleged facts are assumed to be true.

Phillips 66 is a diversified energy company that contracted to sell marine fuel to Marine Petrobulk, specifically, very low sulfur fuel oil ("VLSFO").  This action involves 37 sales of VLSFO between August 12, 2020 and April 8, 2021.  The sales were made pursuant to Phillips 66's General Terms and Conditions ("Terms").  The Terms define a Confirmation as "any writing evidencing a Transaction."  A Transaction is defined as "the agreement for the purchase or sale of Products which may be evidenced by a Confirmation and shall be governed by these" Terms.  The Terms further provide that "All Transactions are entered into in reliance on the fact that the [Terms] and all Transactions thereunder form a single integrated agreement between the Parties."  Lastly, an Audit provision in the Terms provides that "each Party shall have the right to audit the books and records of the other Party relating to performance of the Transactions" within two years of a Transaction.

The Confirmations for the 37 transactions stated the quantity of the VLSFO in metric tons and included a formula for

calculating the price of the fuel.  The formula is a pricing formula for a different petroleum product known as gasoil.

Each Confirmation provided that the price would be calculated as "100.0000% of the PLATTS ASIA/ARAB MKT - GASOIL 10PPM @ SINGAPORE - AVEREAGE Index, for the Pricing Period defined as the day of the Completion of Loading (the 'Pricing Event') . . . including a differential."  The differential varied in each Confirmation.  The PLATTS ASIA/ARAB MKT - GASOIL 10PPM @ SIGNAPORE - AVERAGE Index ("Index") is an industry index used to determine the price of gasoil.  The Index states a price in dollars per barrel of gasoil and specifies that to convert the price into metric ton units, a conversion rate of 7.45 must be used.

Accordingly, because the Confirmations were for a product measured in metric tons, and the Index stated a price per barrel, to calculate the price for each Transaction, the Index price was multiplied by 7.45 to arrive at the Index price per metric ton.  After that conversion, the differential was applied.  The resulting price per metric ton was the contract price for that Transaction.

For each Transaction, Phillips 66 provided the Index price and differential to Marine Petrobulk via email, and Marine Petrobulk confirmed its acceptance.  The formula was then

3

applied after a third party inspected the quality and quantity of the fuel delivered.

Although the Confirmations referred to the quantity of VLSFO in terms of metric tons, Marine Petrobulk requested that the invoices for the Transactions reflect the price per barrel. Phillips 66 complied and used the 7.45 conversion rate from the Index to do so.

Later, Phillips 66 asserted that in preparing its invoices, it had used the wrong conversion factor "due to a software limitation." According to Phillips 66, because the Index stated a conversion rate for metric tons to barrels for gasoil, the 7.45 conversion rate was not accurate when the product sold was VLSFO. VLSFO is heavier than gasoil and therefore takes up less volume than gasoil. Phillips 66 asserts that, to convert the contract price per metric tons into a price per barrel for the VLSFO delivered, a lower conversion factor (between 6.38 and 6.73) is necessary to reflect the actual volume of the fuel delivered. Phillips 66 notified Marine Petrobulk of its error and issued invoices in what it asserted were the correct amounts ("Revised Invoices"). Marine Petrobulk disputed its obligation to pay the amounts calculated in the Revised Invoices.

Phillips 66 filed this action on February 10, 2022, bringing breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment claims against

4

Marine Petrobulk. On April 19, Marine Petrobulk moved to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P. The motion became fully submitted on June 24. This action was reassigned to this Court on August 17.

## Discussion

To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of City of New York, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir. 2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "In determining if a claim is sufficiently plausible to withstand dismissal," a court "accept[s] all factual allegations as true" and "draw[s] all reasonable inferences in favor of the plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010 (2d Cir. 2021) (citation omitted). Nevertheless, a court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations." Hamilton v. Westchester County, 3 F.4th 86, 91 (2d Cir. 2021) (citation omitted). Additionally, a court may "consider extrinsic

5

material that the complaint 'incorporate[s] by reference,' that is 'integral' to the complaint, or of which courts can take judicial notice." Lively v. WAFRA Inv. Advisory Group, Inc., 6 F.4th 293, 305 (2d Cir. 2021) (citation omitted).

The Parties' dispute arises from their disagreement on how the contract price is to be calculated. Phillips 66 asserts that Marine Petrobulk breached the contract when it refused to pay Phillips 66 the amounts reflected in the Revised Invoices. A breach of contract claim under New York law[2] requires a plaintiff to "establish (1) an agreement, (2) adequate performance [on their part], (3) breach by [the defendant], and (4) damages." Donohue v. Hochul, 32 F.4th 200, 206-07 (2d Cir. 2022) (citation omitted).

The plaintiff has failed to state a claim for breach of contract. When the Parties chose to use the Index to calculate the sales price, the Parties agreed to use the rate of 7.45 as the rate to convert the price per barrel into the price per metric tons. Mathematically, the same rate must be applied to reconvert metric tons into barrels.

Stated another way, the Confirmations govern the contract price. While VLFSO (the fuel delivered to Marine Petrobulk) is alleged to be heavier than gasoil, the Confirmations express the

---

[2] The Terms provide that New York law governs the Transactions.

price for the sale of VLFSO as a function of the Index, and the Index uses a 7.45 conversion rate for the conversion of the Index price barrel to a price per metric tons.  Since it is undisputed that the defendant paid for the VLSFO at the contracted rate, the defendant's motion to dismiss the breach of contract claim is granted.

The plaintiff asserts that Marine Petrobulk's contractual obligation to pay the amounts in the Revised Invoices arises from the Audit provision of the Terms, which it argues gives it the right to correct its invoices within a two-year period.  This is not, however, what the Audit provision states.  Section 17 of the Terms provides that "each Party shall have the right to audit the books and records <u>of the other Party</u> relating to performance of the Transactions".  (Emphasis supplied.)  This provision does not allow a party to revise its own records and seek to enforce them under the contract.  Moreover, under the Parties' contract, the Confirmations set the price of the delivered fuel.  By incorporating the Index, the Confirmations used the 7.45 conversion factor.  Using a different conversion factor in preparing the Revised Invoices ignores the contractually agreed upon conversion factor.  Therefore, because the plaintiff has not adequately pled that the defendant breached the contract, the claim fails.

The plaintiff's remaining two claims must also be dismissed.  The plaintiff asserts a claim for breach of the covenant of good faith and fair dealing and for unjust enrichment.

"Under New York law, implicit in every contract is a covenant of good faith and fair dealing which encompasses any promises that a reasonable promisee would understand to be included."  JN Contemp. Art LLC v. Phillips Auctioneers LLC, 29 F.4th 118, 128 (2d Cir. 2022) (citation omitted).  "A claim for violation of the covenant survives a motion to dismiss only if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract."  Id.  Lastly, "[t]o recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered."  Columbia Memorial Hosp. v. Hinds, 38 N.Y.3d 253, 275 (2022) (citation omitted).  "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim."  Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 790 (2012).

The breach of implied covenant of good faith and fair dealing claim fails.  The claim is not based on any other

8

factual allegations beside those underlying the breach of contract claim and is thus duplicative. For the same reasons, the unjust enrichment claim also fails. Id.

### Conclusion

Marine Petrobulk's April 19 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

Dated:   New York, New York
         December 5, 2022

                                                  DENISE COTE
                              United States District Judge